Homer **BRANCH**, et ux., Plaintiffs,

v.

**MOBIL OIL CORPORATION, Citation Oil & Gas Corporation, Texaco, Inc., and Atlantic Richfield Company, Defendants.**

**No. CIV–90–723–R.**

United States District Court, W.D. Oklahoma.

July 29, 1992.

Patranell Britten, Robert N. Barnes, Stack & Barnes; Gina Lynn Hendryx, John W. Norman, John B. Norman, Norman & Edem, Oklahoma City, Okl.; and Phillip R. Scott, Wanika, Okl., for plaintiffs.

L. Mark Walker, Gary W. Davis, Paul D. Trimble, Crowe & Dunlevy; Verland E. Behrens, Behrens Taylor & Dobelbower; George E. Sneed, Oklahoma City, Okl.; J. Randall Miller, Moyers Martin Santer Imel & Tetrick, Tulsa, Okl.; R. Steven Haught, Daugherty Bradford Fowler & Moss, Oklahoma City, Okl.; and Randle Jones, Denver, Colo., for defendants.

## ORDER

DAVID L. RUSSELL, District Judge.

Before the Court is Defendant Mobil Oil Corporation's appeal from two rulings of United States Magistrate Judge Ronald L. Howland on discovery issues which were the subject of Plaintiffs' motion to compel.

Mobil asserts that the Magistrate's Order requiring it to produce two memoranda Mobil asserted were attorney-client privileged communications is erroneous. The basis for the Magistrate's order is not entirely clear. It appears that he concluded that the documents were not attorney-client privileged communications and or that any such privilege was waived. Upon review of the parties briefs presented to the Magistrate and those portions of the hearing of which the parties have submitted a transcript to the Court, the Court concludes that Defendant Mobil failed to meet its burden of proving that the memoranda in question are attorney-client privileged communications under *Upjohn Co. v. United States*, 449 U.S. 383, 389–97, 101 S.Ct. 677, 682–86, 66 L.Ed.2d 584, 591–96 (1981) in proceedings before the Magistrate. In proceedings before the Magistrate, Mobil offered no proof whatsoever that the memoranda were attorney-client privileged communications other than bare labels or captions on the memoranda. Although Mobil may have met its burden by submission of the affidavit it now submits to the Court on appeal, that is a question the Court declines to pass upon. A party must satisfy its burden of proving privilege to avoid production in response to a motion to compel. *See* C. Wright & A. Miller, *Federal Practice and Procedures* § 2016 (1970) at p. 126 ("It is for the party objecting to discovery to raise the objection in the first instance and he has the burden of establishing the existence of the privilege") (footnotes omitted). It cannot simply avail itself of an appeal to satisfy (on appeal) that burden. To allow the latter would render referrals to Magistrates meaningless and a waste of time. Magistrate Judge Ronald L. Howland's Order compelling Mobil to produce two memoranda dated October 28, 1988, and June 19, 1989, filed under seal with the Magistrate's Minute Order, is affirmed on the basis and only on the basis that Defendant Mobil failed to satisfy its burden of proving that the memoranda constitute attorney-client privileged communications.

Defendant Mobil also appeals the Magistrate's ruling ordering Mobil to produce its

 

"general files", including engineering files, regulatory files, geological files, general correspondence files and right-of-way files relating to the Healdton One Unit dating back to 1921. Mobil asserts that production of these documents should be limited by time frame to documents generated or related to the limitations period of two years, Okla.Stat. tit. 12, § 95, but is willing to produce documents generated in or relating to a five-year period before Plaintiffs' suit was filed. Mobil cites *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) and other cases to support its argument. Alternatively, Mobil argues that if the Court permits discovery outside the limitations period the Court should limit such to what it contends is a reasonable time period—ten years. Both parties argue the significance of Mobil's arguments and the Court's Order on the effect of easements and releases dating back to 1921.

■ The facts that Mobil asserted that releases and easements dating back to 1921 barred Plaintiffs' claims and has refused to waive any appeal rights concerning the validity of those releases and easements are irrelevant. Those facts do not make the documents in question relevant. However, the Court agrees with the Magistrate that the documents sought are discoverable because the request therefor is "reasonably calculated to lead to the discovery of admissible evidence", F.R.Civ.P. 26(b)(1), given Plaintiffs' allegations and this Court's prior Orders. *See, e.g.*, Order of December 10, 1991, at pp. 1–3, 4–5, 6, 8–9 (recognizing that oilfield operations conducted long ago may only recently, within the limitations period, cause damages or injury complained of). The Magistrate's Order compelling Defendant Mobil to produce its "general files" for the geographic area dating back to 1921 is not contrary to law or clearly erroneous and is affirmed.

The rulings of United States Magistrate Judge Ronald L. Howland upon Plaintiffs' motion to compel ordering Mobil to produce two memoranda filed under seal which Mobil asserted were attorney-client privileged and ordering Mobil to produce its "general files" for the geographic area in question dating back to 1921 are affirmed.

IT IS SO ORDERED.